# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

LISA DUNN,                              )
                                        )
   Plaintiff,           )
                                        )
vs.                                     )  Case No. 4:04MC327 HEA
                                        )
WASHINGTON COUNTY HOSPITAL,             )
et al.,                                 )
                                        )
   Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Thomas J. Coy's Motion to

Quash Subpoena.  The motion seeks to quash a subpoena duces tecum served on the

Records Custodian of SSM Healthcare, St. Louis.  This subpoena seeks the

production of documents relating to an investigation into allegations by Jamie Jones,

a former patient of Coy's, by the Illinois Department of Professional Responsibility,

(IDPR), the state agency that investigates complaints against physicians.  It also

seeks the Washington County Hospital Medical staff investigation of Jones'

complaint against Coy and the settlement agreement entered into by Jones and Coy.

  The procedural history of this matter is set forth by the parties in their filings.

The motion was originally filed in the District Court for the Southern District of

Illinois, prior to the case being appealed to the Seventh Circuit Court of Appeals. The Seventh Circuit remanded the matter to the District Court, and advised that Court to consider the rulings on the motion. Two claims remain: a Title VII sexual harassment claim against Washington County Hospital and an battery claim against Coy. Plaintiff has advised the Court that she is seeking to have the ruling on the Motion to Quash vacated since the subpoena was issued by this Court.

Coy now contends[1] the documents are not relevant to the underlying issues in this matter. He points out that Judge Proud so found in his Order of October 21, 2004. Judge Proud's Order, however, recognized that at that time, only plaintiff's retaliation claim and common law battery claim against Coy. Judge Proud found, that "[given that plaintiff only ties the requested documents to her sexual harassment claim, it appears that the documents fall outside the scope of relevance in this case and are therefore not discoverable." This finding is no longer applicable because the Seventh Circuit has reinstated plaintiff's Title VII claim.

Rule 26(b)(1) provides, in pertinent part,:

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . Relevant information need not be admissible at the trial if the discovery appears

---

[1] Coy originally argued that the documents were protected by Illinois state law privileges. As the Seventh Circuit Court of Appeals held, these privileges are not applicable to this federal question case. See, *Dunn v. Washington County Hospital*, 429 F.3d 689 (7th Cir. 2005).

reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff seeks information regarding the investigation of allegations of sexual harassment by Coy. This information clearly falls within the ambit of Rule 26(b)(1). Washington County's knowledge of Coy's actions are relevant to the underlying claims. Accordingly, the motion is denied with respect to the investigation documents of the IDPR and SSM's.

With respect to the settlement agreement between Jones and Coy, plaintiff has failed to establish that its disclosure may lead to admissible evidence. She contends that it may contain information regarding corrective actions which may have been taken and it may demonstrate Washington County Hospital's knowledge of Coy's conduct. This information is readily available, if not already discovered, to plaintiff through other discovery procedures. Given the confidentiality of the settlement agreement and plaintiff's ability to obtain this information from other sources, the Court is of the opinion that the settlement agreement itself need not be produced. The motion to quash is therefore granted with respect to the Jones Settlement Agreement.

Coy also seeks a protective order with respect to those documents ordered produced. In light of the sensitive nature of the investigations, the Court grants the request. The parties shall submit to this Court a proposed protective order within 10

days from the date of this order.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Thomas J. Coy's Motion to

Quash Subpoena Duces Tecum Directed to SSM HealthCare St. Louis, Custodian

of Records is granted in part and denied in part. The Custodian shall produce, in

accordance with the Subpoena, those documents in his or her custody, relating to

the IDPR investigation of defendant Coy and those documents in his or her custody

relating to the SSM HealthCare investigation of defendant Coy.

Dated this 11th day of May, 2006

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE